## COURT OF APPEALS, MARCH TERM, 1849.

### HENRY H. KING vs. JOSEPH DENNIS.

This court cannot review decisions at the circuit on a *case;* there must be a bill of exceptions or special verdict. See *Livingston* agt. *Radcliff and others*, ante, page 417, and the two subsequent cases on pages 418 and 419.

So, held, where a case was inserted in the judgment record, and was there called a bill of exceptions, but had not in fact been turned into a bill of exceptions,

*Replevin*, commenced in May, 1847.—On the trial in November, 1847, the Plaintiff was non-suited, but had to leave to make a case, with the privilege of turning the same into a bill of exceptions. He made a case, and moved the Supreme Court for a new trial. In September last the Supreme Court, in general term, denied a new trial, and tendered judgment for the

Defendant.　The Plaintiff caused the case to be inserted in the judgment record, where it was called a bill of exceptions, but it had not in fact been turned into a bill of exceptions.　It did not state that any exception was taken to the ruling on the trial, nor was it sealed by the judge.　The Plaintiff appealed to this court.　The cause was argued by

J. ELLSWORTH, *for the Appellant*, and

A. BOCKES, *for the Respondent*,

who, among other things, insisted that there was no bill of exceptions, and consequently there could be no review upon the merits.

THE COURT said the Plaintiff should have turned the case into a bill of exceptions, by stating in the usual form that exceptions were taken to the ruling on the trial, and had the same signed and sealed by the judge.　This court cannot review decisions at the circuit on a case; there must be a bill of exceptions or special verdict.　As the court can take no notice of the case, there does not appear to be any error in the proceedings; therefore, judgment affirmed.